IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:09-CV-100

MARY McLAURIN and CARRIE MOORE,　　　)
on behalf of themselves and all others similarly　)
situated,　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiffs,　　　　　)　　　ORDER
　　　　v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
PRESTAGE FOODS, INC.,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendant.　　　　　)

　　　This matter is before the court on three motions to seal filed by plaintiffs.  The documents

at issue include every single exhibit that plaintiffs have filed in connection with their memoranda

in support of their Motion for Conditional Certification of a Collective Action Pursuant to the

Fair Labor Standards Act and their Motion for Class Certification pursuant to Rule 23 of the

Federal Rules of Civil Procedure.  All of the exhibits filed in connection with plaintiffs'

corresponding reply memoranda are also at issue.

　　　Section T(1)(a)1 of this court's Electronic Case Filing Administrative Policies and

Procedures Manual ("Policy Manual") provides as follows:

> Except for motions filed under seal in accordance with Section T(l)(a)7 of this
> Policy Manual, each time a party seeks to file under seal, said party shall
> accompany the request with a motion to seal.  The motion to seal may be filed
> without a supporting memorandum only if the filing party can cite a statute or rule
> (federal, local or standing order) that requires the filing to be sealed. Absent such
> authority, the filing party must submit a supporting memorandum that specifies:
> (i)　　the exact document or item, or portions thereof, for which filing under sale
> 　　　is requested;
> (ii)　　how such request to seal overcomes the common law or the First
> 　　　Amendment presumption to access;
> (iii)　the specific qualities of the material at issue which justify sealing such
> 　　　material, taking into account the balance of competing interest in access;

(iv)     the reasons why alternatives to sealing are inadequate; and

(v)     whether there is consent to the motion.

**In addition to the motion and the supporting memorandum, the filing party must set out such findings in a proposed order to seal, which should be submitted in accordance with Section M of this Policy Manual.**

Eastern District of North Carolina Electronic Case Filing Administrative Policies and Procedures Manual § T(1)(a)1 (Jan. 25, 2010), available at http:// www.nced.uscourts.gov/html/cmecf.htm (emphasis in original).

Here, plaintiffs did not follow the requirements of the Policy Manual in filing their motions. In all three of their motions to seal, plaintiffs fail to cite a statute or rule that requires their filings to be sealed. As a result, for each of their motions, plaintiffs were required to file a supporting memorandum that meets the specific requirements set forth in the Policy Manual. However, plaintiffs did not file a memorandum in support of any of the motions to seal. Instead, all three of the motions set forth the justification for the request to seal in a single sentence: "Upon the request of Defendant, Plaintiffs agreed to keep certain documents confidential." (DE ## 24, 28, 60.)[1]

The Policy Manual includes the supporting memorandum requirements so that the court may comply with Fourth Circuit precedent when ruling on motions to seal. See, e.g., Stone v. Univ. of Md., 855 F.2d 178, 180 (4th Cir.1988) (explaining that prior to sealing court

---

[1] Although plaintiffs have proposed to file every single one of their memoranda exhibits under seal, it appears that they intend for the motions to apply only to the exhibits that defendant has designated as being confidential. Because plaintiffs appear to be seeking to seal materials that have been designated confidential by another party, the court notes that plaintiffs could have filed a notice of filing pursuant to Section T(1)(a)6 of the Policy Manual in lieu of a motion to seal. See Eastern District of North Carolina Electronic Case Filing Administrative Policies and Procedures Manual § T(1)(a)6 (Jan. 25, 2010). Defendant would then have been required to file a motion to seal and supporting memorandum within seven days after the service of the notice of filing. See id. § T(1)(a)6(ii). However, because plaintiffs chose to file motions to seal, the court must treat them as such.

2

documents, a district court must first determine the source of the public's right to access to the documents: the common law or the First Amendment); In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir.1984) (explaining the procedures a district court must comply with prior to ordering that documents be sealed, including making specific findings about why sealing is necessary and why less drastic alternatives to sealing will not suffice).  The parties must comply with the requirements set forth in the Policy Manual, so in turn this court may comply with Fourth Circuit precedent.  Because the court does not have sufficient information to evaluate whether any exhibit covered by the aforementioned motions should be filed under seal, the burden will be placed on the parties to address the issue.

The three motions to seal (DE ## 24, 28, 60) are DENIED WITHOUT PREJUDICE. Furthermore, the exhibits presently under seal shall remain under seal for a period of 10 days or, if a motion to seal is filed, until further order.  Within 10 days of this order, the parties are directed to review the sealed entries on the docket, and within that time, plaintiffs and/or defendant may file a motion to seal.  Any such motion must specifically reference the docket entry number and the attachment number to that docket entry.  Unless the motion relies on Fed. R. Civ. P. 5.2 (which the motion shall state), a memorandum of law must be filed contemporaneously with any motion to seal in accordance with Local Civil Rule 79.2 and the Policy Manual § T(1)(a).  Any response to a motion shall be filed within 10 days after service of the motion.  If a motion to seal is not timely filed as to any exhibit, the Clerk is DIRECTED to

unseal that exhibit.

     This 18 October 2010.

_____
W. Earl Britt
Senior U.S. District Judge