IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:09-CV-00100-BR

| | |
|---|---|
| MARY McLAURIN and CARRIE MOORE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PRESTAGE FOODS, INC.,<br><br>Defendant. | **AFFIDAVIT OF GILDA A. HERNANDEZ IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, & EXPENSES TO SETTLEMENT CLASS COUNSEL & FOR AN AWARD OF SERVICE PAYMENTS TO NAMED PLAINTIFFS** |

Gilda A. Hernandez, being first duly sworn on oath, hereby declare as follows:

1. I am an Attorney at Law admitted to practice in the State of North Carolina, and a member of the law firm of Martin & Jones, PLLC. I have personal knowledge of the statements contained in this Affidavit and if called to testify, I could and would testify competently to them.

### I. INTRODUCTION

2. I am submitting this Affidavit in support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, and Expenses to Settlement Class Counsel and for an Award of Service Payments to Named Plaintiffs in connection with services rendered in the above-entitled action.

3. This Affidavit sets forth a brief summary of the basis for and background of this Action, and the negotiations that ultimately led to the Settlement. Although the following recitation is not all-inclusive, it is intended to illustrate the nature of this Action, the efforts expended in its prosecution, and the additional efforts required and risks that would have been present if the action were not settled. We believe these facts demonstrate that the Settlement is fair, reasonable

and adequate and should be approved by the Court. These facts further support Class Counsel's fees, costs, and expense request filed concurrently with this Affidavit. The fee, cost, and expense request is reasonable and should be approved.

4.  This class action was filed, and this Court certified Plaintiffs' NCWHA claims as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and conditionally certified Plaintiffs' FLSA claims pursuant to § 216(b) of the FLSA. Plaintiffs negotiated a Settlement on behalf of Plaintiff Class Members, and the Court defined the class as follows:

> All Current And/Or Former Employees Of Prestage Foods Who Have Held Non-Exempt Positions Working On The Turkey Processing Line In Prestage Foods' Turkey Processing Plant In St. Pauls, North Carolina, Who Don, Doff, Wash Or Sanitize Any Sanitary And Protective Clothing, Equipment And Gear; Who Engaged In Walking And Waiting Time Associated With These Tasks At Any Time From June 19, 2007 Through April 10, 2011; Who Were Paid On A Line Time Or "GANG" Basis; And Who Were Not Fully Compensated For All Hours Worked.

5.  During the litigation, Class Counsel addressed complex legal and factual issues, both in the investigation of the Plaintiffs' claims, and then in the pursuit of the claims of the Class. This complexity factors into the decision on whether the Settlement should be approved, and reflects upon whether the requested fee is appropriate. Further, the action has been settled only after a lengthy litigation and substantial effort on the part of Class Counsel, providing the knowledge necessary to make informed decisions in recommendations made to the Class and the Court.

6.  As set forth in Plaintiffs' Memorandum supporting this fee request, prior to the Settlement, Class Counsel engaged in detailed factual investigations, thorough discovery and extensive motion practice. These efforts included, but are not limited to, the following:

   a. Drafted a Complaint following a diligent investigation into the facts surrounding Prestage Foods, Inc.'s pay practices;

   b. Served Freedom of Information Act ("FOIA") Requests to the United States Department of Labor, Wage and Hour Division, and analyzed responsive documents;

2

c. Briefed, argued, and won a Motion to certify a class of employees under the Fair Labor Standards Act and under Rule 23 of the Federal Rules of Civil Procedure;

d. Conducted extensive discovery and investigations, including serving and responding to multiple interrogatories and requests for document production, reviewing thousands of pages of documents and privilege log entries;

e. Responded to inquiries from putative Plaintiff Class members, many of whom joined the FLSA Class in January 2011;

f. Along with experts in the field of industrial engineering, conducted two phases of plant inspections at Defendant's plant; Plaintiffs' counsel conducted an informal time study; then, a formal time study was conducted by Plaintiffs' experts using videotape to film employee activities; the videotaping was synched to Defendant's time clocks, and was subsequently compared to electronic pay records;

g. Noticed and took a 30(b)(6) deposition of Prestage's corporate designee and defended two Named Plaintiff depositions;

h. Sampled and analyzed electronic pay records of the original, 2,500 putative class members to determine aggregated class-wide damages;

i. Utilized the assistance of Economic Statistician, Dr. Stephen Schneider, Ph.d., in reviewing and analyzing thousands of lines of payroll data in determining damages for the class;

j. Reviewed and analyzed Plaintiffs' industrial engineering expert, Dr. Robert Radwin's Ph.d., report relating to the uncompensated time based on the time study conducted at the Prestage plant and reviewed and analyzed Plaintiffs' economic statistician's expert report in determining damages on a class-wide basis;

k. Preliminarily prepared the case for trial, by contacting Plaintiffs and potential witnesses and by more thoroughly engaging in expert report preparation;

l. Engaged in settlement negotiations spanning a one year's time to achieve a Settlement benefiting the employees at Prestage's plant;

m. Prepared position statements in anticipation of both mediations for mediator, Renee Ellis, Esq., and Magistrate Judge David W. Daniel, and defense counsel.

7. The parties commenced settlement negotiations in earnest in May 2010, and then resumed settlement negotiations again on September 15, 2011 which ultimately resulted in a Settlement. In May 2010, the parties conducted a private mediation before Renee Ellis, Esq. of

Beason & Ellis – Conflict Resolution, LLC, to facilitate settlement discussions. That mediation impassed. On September 15, 2011, the parties conducted a second mediation before Magistrate Judge David W. Daniel which led to this Settlement. Following the parties' proposed settlement, counsel participated in weeks of extensive negotiations by email, over the telephone, and in person, exchanging numerous drafts of settlement agreement terms, release language, and settlement documents.

8. Class Counsel took careful measure to avoid duplicative work and to promote efficiency in the prosecution of this matter. Class Counsel made assignments in a coordinated fashion, to ensure that talents were properly utilized and that information acquired through discovery was appropriately catalogued and incorporated into litigation (and later, settlement) strategy. Class Counsel worked to make sure that tasks were not duplicated because of the coordinated decision to use a cooperative, team approach from the inception of the case through Settlement. Thus, the lodestar represents a reasonable, carefully-controlled, number of hours spent by timekeepers with the appropriate levels of experience.

## II. FEE PETITION ISSUES AND APPROVAL

### A. The Requested Amounts of Fees and Expenses.

9. The Notice Packet properly informed Plaintiff Class Members that Defendant takes no position with respect to payment to Class Counsel of $800,000 in attorneys' fees, costs, and expenses. Until now, no Plaintiff Class Member has objected to the proposed award.

10. Class Counsel's experience in class action cases contributed to the efficient manner in which this case was handled and provided great benefit to the Class and the litigation. It allowed us to identify the strengths and weaknesses in the litigation, perform discovery efforts in an efficient manner, and respond to motions effectively. Throughout the course of the litigation,

Class Counsel took careful measure to avoid duplicative work and to promote efficiency in the prosecution of this matter. Class Counsel made assignments in a coordinated fashion, to ensure that talents were properly utilized and that information acquired through discovery was appropriately catalogued and incorporated into litigation (and later, settlement) strategy. Senior attorneys were not utilized when they were not required, and attorneys did not do work that paralegals could perform. Thus, the lodestar represents a reasonable, carefully-controlled number of hours spent by timekeepers with the appropriate levels of experience.

11. To confirm the appropriateness of the amount requested in fees, Class Counsel maintained contemporaneous time records for their work spent on the case.

### B. Factors To Be Considered In Awarding Attorneys' Fees and Extent Of Litigation.

12. The facts set forth above confirm that Class Counsel litigated these cases through discovery and motion practice. We completed extensive discovery and litigated motions, and then engaged in protracted arms'-length settlement negotiations.

### The Facts of Contingent Litigation

13. This case was taken, and litigated, by Class Counsel with no promise of recovery or payment. While the presence of fee-shifting provisions in the statutes assured some measure of payment if Plaintiffs prevailed, when Class Counsel undertook to act for the Plaintiffs and the Plaintiff Class in this matter, it was with the knowledge that they might spend many hours of hard work in litigation against experienced defense lawyers. We were committed to ensure sufficient resources of attorneys, paralegals and support staff; all were dedicated to the prosecution of the litigation, and that funds were available to compensate staff and the out-of-pocket costs a case such as this entails. In this respect, Class Counsel took this case on a contingent basis.

### Standing and Expertise of Settlement Class Counsel

14. Class Counsel are experienced in the field of complex, class action litigation and have been responsible for significant legal decisions that enable litigation such as this to be successfully prosecuted.

### Standing and Caliber of Opposition Counsel

15. The Defendant was represented by an outstanding, long-respected Raleigh law firm, which was expected to (and did) spare no effort in the defense of its client. Yet, Class Counsel represented the Class sufficiently to persuade Defendant's management to reach the Settlement presented here. Presumably, Defendant's counsel were paid their fees and costs while the litigation proceeded, unlike Class Counsel.

### The Risks of Litigation and the Need to Ensure the Availability of Counsel in High Risk Cases

16. Thus, from the outset, Class Counsel accepted that they were embarking on what could be a complex, expensive and lengthy litigation with no guarantee of being compensated for their investment of time, money and effort the case would require. Further, in committing to prosecute this case to the end, Class Counsel could not work on other potentially profitable matters.

17. Thus, Class Counsel clearly took on a risk of litigation in representing the Plaintiffs and Class. The term "risks of litigation" is not a euphemism. All too often it is asserted that Class Counsel in significant class actions taken on a contingent basis are really running no risk. This argument is totally contrary to the facts. There have been numerous contingent cases in which settlement class counsel, after the expenditure of thousands of hours, receive compensation below their regular hourly rates and in many instances no compensation whatsoever (while also fronting substantial, unrecovered costs). We are aware of many hard-fought lawsuits where,

6

because of the discovery of facts unknown when the case was commenced, or changes in the law during the pendency of the case, or a decision of a judge or jury following a trial on the merits, excellent professional efforts of members of the plaintiffs' bar produced no fee for counsel. Such a risk – the possibility of no recovery – existed here.

18. Thus, we respectfully submit that the Settlement was not easily achieved and was the result of Plaintiffs' good work. Class Counsel fully and properly represented the Plaintiff Class and provided a Settlement of substantial benefit to the Plaintiff Class. We were experienced and able counsel, and we litigated the action vigorously at every step. We respectfully submit that the fee we request is reasonable, appropriate and should be approved.

19. The Motion for fees and reimbursement of expenses is further addressed at length in the Memorandum of Law in Support of this Motion, filed concurrently herewith.

**C. Costs and Expenses**

20. Class Counsel expended a total of $191,226.95 in unreimbursed expenses in connection with the prosecution of this litigation. These expenses are broken down as follows:

| **DESCRIPTION** | **AMOUNT**<br>(Amounts listed are through 1/16/2012) |
|---|---|
| Consultants/Experts | $130,878.07 |
| Depositions/Transcripts | $2,033.98 |
| Filing Fees | $350.00 |
| Pacer | $594.96 |
| Computer Research | $5,981.31 |
| Mediation Services | $1,165.63 |
| Postage/Overnight Deliver | $1,522.98 |

7

| Telephone and Facsimile Transmissions | $3.00 |
|---|---|
| Travel | $2,180.75 |
| Meals | $63.08 |
| Reproduction/Copies | $1,449.30 |
| Settlement Administration | $42,685.00 |
| Translators | $1,960.20 |
| Attorney Meetings | $336.45 |
| Miscellaneous | $22.24 |
| **Total Expenses** | $191,226.95 |

These expenses were reasonably and necessarily incurred in connection with this litigation. Class Counsel recorded these expenses as they were incurred and all these charges are reflected on Class Counsel's computer records. These records continue to be maintained.

**D. Lodestar**

21. Since the inception of this litigation, in accordance with its normal business practices, Martin & Jones, PLLC has maintained detailed and contemporaneous records of the time spent by its lawyers and paralegals on this action. Mr. Horne and I have reviewed the time records and believe them to be accurate.

22. Set forth below is a table showing the total number of attorney, and paralegal/clerk hours expended by Class Counsel, the range of hourly rates charged for each category, the resulting lodestar for each category and the total lodestar.

| CATEGORY | TIME SPENT | HOURLY RATE | LODESTAR |
|---|---|---|---|
| Attorneys | 343.8 | $450/hr - $485/hr | $162,910.50 |
| Attorneys | 1234.6 | $380/hr | $469,148.00 |
| Paralegals/Clerks | 267.4 | $110/hr | $29,412.17 |
| **TOTAL** | **1837** | | **$661,470.67** |

Thus, according to the above calculations, the total lodestar of Class Counsel in this litigation from April 2, 2009 through September 15, 2011, is $661,470.67.[1] Class Counsel's total expenses, including the costs of the claims administration process is $191.226.95.[2]

**E. Future Costs, Expenses and Attorneys' Fees.**

23. Class Counsel will continue to incur costs, expenses and the expenditure of attorney time beyond the settlement approval process. The bulk of these expenses will result from the claims administration process. Class Counsel estimate that it will incur an additional $10,000.00 to $15,000.00 in costs to complete Settlement Administration. Class Counsel will continue to assist Class members with the filing of claims and will ensure that the settlement administration process, should the Settlement be finally approved, is completed. Class Counsel will not seek additional reimbursement of costs and expenses or attorneys' fees for this effort.

### III. CONCLUSION

24. For the reasons set forth above and in the accompanying Memorandum in Support of Motion for An Award of Attorneys' Fees, Costs, and Expenses to Settlement Class Counsel and for an award of Service Payments to Named Plaintiffs, Plaintiffs respectfully request that the

---

[1] *See* Ex. A for a complete report of time spent during the course of this litigation.
[2] The lodestar does not represent hours spent by Martin & Jones revising Settlement papers after September 15, 2011. Post-September 15, 2011, Class Counsel has incurred an additional $61,942.00 in attorneys' fees which class counsel has not included as part of Lodestar totals.

motion be granted and that Named Plaintiffs receive service payments of $10,000 and $5,000 from the claims fund, that Class Counsel be reimbursed $200,000 in costs and expenses, and that they be rewarded $600,000 for attorneys' fees.

**FURTHER YOUR AFFIANT SAYETH NOT.**

This the 24th day of January, 2012.

_____
Gilda A. Hernandez

Subscribed and sworn to before me
This 24th day of JAN, 2012.

_____
Notary Public

# EXHIBIT A

| | Prestage Foods | |
| | Time Sheets | |
| | Attorney Jill Hernandez | |
| Dates | Description of Work Involved | TIME |
| 4/2/2009 | Interviewed Mary McLaurin by phone; reviewed intake; conducted history research on company to determine whether Prestage had ever been sued. | 4.00 |
| 4/6/2009 | Reviewed memo on Mary McLaurin to prepare for a personal interview with potential client and making a list of additional questions; researching legal authority on similar donning and doffing cases in the N.C. area; reviewed case research. | 7.9 |
| 4/7/2009 | Continued legal research on internet and Google; West Law donning/doffing. | 6.0 |
| 4/9/2009 | Drove to St. Pauls, NC to interview Mary McLaurin in person accompanied by paralegal, Louise Brunson. | 8.0 |
| 4/28/2009 | Reviewed Carrie Moore's intake; ask follow-up questions; memo; compare to Mary McLaurin. | 3.0 |
| 4/29/2009 | Did criminal background search to ensure Ms. Moore had no legal issues that could prevent her from being a named plaintiffs. | 1.0 |
| 5/7/2009 | Traveled to St. Pauls, NC to meet w/Carrie Moore with paralegal, Louise Brunson, to ask additional questions, explained the process for being a named Plaintiff, explained the litigation procedures; and answered any questions or concerns potential named Plaintiff had. | 8.0 |
| 5/18/2009 | Researching case law for Complaint; FLSA & NCWHA. | 10.0 |
| 5/19/2009 | Reviewed named Plaintiffs memos to determine whether there was only one claim of donning and doffing or any potential illegal wage deduction issues; continued drafting complaint; using legal research to aide in drafting complaint. | 9.0 |
| 5/20/2009 | Revised & edited complaint - researching NCWHA potential claims. | 9.0 |
| 5/21/2009 | Researched the federal rules to ensure compliance with the process and procedure for filing a complaint. | 7.5 |
| 5/22/2009 | Continued reviewing federal rules of civil procedure for serving defendant with complaint; reviewed local rules for filing complaint; and revised complaint. | 10.0 |
| 6/15/2009 | Re-read complaint; editing & proofreading complaint. | 5.3 |
| 6/18/2009 | More noted corrections to complaint; researching consent to sue forms. | 7.0 |
| 6/19/2009 | Discussion with Forest Horne in anticipation of filing complaint - processess, procedures, etc. | 2.9 |
| 6/19/2009 | Reviewed edited and filed complaint | 4.0 |
| 7/8/2009 | Discussed w/ Forest | 1.0 |
| 7/17/2009 | Wrote ltr. to Plain's | 0.5 |
| 8/21/2009 | Preparation for 26(f) conference. | 3.9 |
| 9/4/2009 | Researching Pacer; West Law; and other relevant cases to determine the 26(f) procedure. | 8.0 |
| 9/8/2009 | Continued working on 26(f) discovery report; researching the norm for request for admissions; request for production and interrogatories. | 7.0 |
| 9/9/2009 | More research to determine the scope of 26(f). | 5.0 |
| 9/10/2009 | Drafted 26(f) report. | 8.0 |
| 9/11/2009 | Continued revision; editing; and reviewing 26(f). | 8.9 |
| 9/14/2009 | Drafting 26(f) report and requirements for joint motion responsibility. | 10.0 |
| 9/15/2009 | Memo in prep. For 26(f) mtg.; class cond. Cert. mtn.; reviewing FLSA(incorporating mins. Is not enough) | 9.0 |
| 9/16/2009 | worked on memo: reviewing Answer; made notes about admissions - talking points | 10.0 |
| 9/17/2009 | working on prep for memo; talking points | 10.0 |
| 9/18/2009 | Researching mediation; started memo for Prestage strategy; informal discovery | 10.0 |
| 9/21/2009 | Researching mediator; Schneider Questions from Defendants | 10.0 |
| 9/22/2009 | Found mediator; wrote memo on strategy for Prestage | 10.0 |
| 9/23/2009 | Proofread 26(f) report; made additional last minute revisions prior to sending it to defendant. | 1.9 |

| Date | Description | Hours |
|---|---|---|
| 10/1/2009 | Received defendant's suggested revisions; researched the reasonableness of defendant's revisions and suggested changes; revised the 26(f) report pursuant to the parties' conference. | 7.0 |
| 10/31/2009 | Researched more legal authority for hybrid actions. | 10.0 |
| 11/2/2009 | Researching and reviewing relevant legal authority on hybrid actions. | 4.5 |
| 11/3/2009 | Reviewed and researched legal authority on hybrid acitons/standards for Rule 23. | 6.5 |
| 11/4/2009 | Reviewed relevant legal authority to determine strategies for raising FLSA and state claims. | 7.0 |
| 11/5/2009 | Continued with legal research on hybrid FLSA and NCWHA collective actions. | 5.5 |
| 11/6/2009 | More legal research on Prestage; reviewing Mots. For Summary Judgment. | 7.0 |
| 11/12/2009 | Created an outline of all legal research. | 10.0 |
| 11/12/2009 | Meeting w/ Forest, Chris and Issy to discuss Prestage case. | 0.8 |
| 12/8/2009 | Conf. call to discuss initial on-site plant visit and requested documents. | 1.0 |
| 1/5/2010 | W&H meeting with Forest Chris and Issy | 0.5 |
| 1/5/2010 | Reviewing records that were sent to Plaintiffs on a disc and rescheduling visit. | 8.0 |
| 1/6/2010 | Discussing with opposing counsel on rescheduling plant inspection. | 0.5 |
| 1/7/2010 | Reviewing electronic information provided by defendant. | 8.0 |
| 1/11/2010 | Reviewed defendant's electronic information. | 6.0 |
| 1/15/2010 | Spoke to Forest about Prestage visit & strategies for an informal time study. | 1.5 |
| 1/15/2010 | Reviewing the plant's maps as produced by defendant in preparation for visit and other documents relating to the donning and doffing process at defendant's plant. | 6.0 |
| 1/18/2010 | Planning and preparing for plant visit. Spoke to Ms. McLaurin to ensure that she was aware of the visit to the Prestage plant. | 6.0 |
| 1/19/2010 | Traveled to and from St. Pauls, NC with Forest, Chris, Issy and Jill touring the plant, observing, conducting a informal time study, obtaining information from Prestage's rep Michael Pope and meeting with opposing counsel Will Cherry. | 26.0 |
| 1/20/2010 | Working on a memo trying to refresh my recollection of the events of the Prestage visit. | 10.0 |
| 1/21/2010 | Reviewing the memo, reviewing the math that Lisa Johnson our expert has put together on the damages based upon the Excel spreadsheet that Prestage provided w/ all of the employee info., hourly rates, period of employment. | 10.0 |
| 1/26/2010 | Reviewing and preparing a letter to Christine and Will re: our findings during the visit to the Prestage plant. | 7.0 |
| 1/27/2010 | Working on Prestage letter. | 10.0 |
| 1/28/2010 | Discussing the damage estimate and analysing the damages w/ Lisa Johnson who is our expert. | 6.5 |
| 1/28/2010 | Reviewing and analysing the damages estimate. | 7.9 |
| 2/8/2010 | W&H Mtg. w/Chris, Forest, Issy & Nicole | 0.4 |
| 2/8/2010 | Rev.& Edit. Ltr. To oc re process & proced. | 7.9 |
| 2/11/2010 | Rev. & & edit ltr. To oc re process & proced. | 9.0 |
| 2/15/2010 | Wkly. W&H Mtg. w/Issy & Nicole - discussed Prestage strategies. | 0.4 |
| 2/25/2010 | Prepared 30(b)(6); discussed w/Forest re same | 10.0 |
| 2/26/2010 | Rev. 30(b)(6) & attachments; made changes to same. | 10.0 |
| 3/1/2010 | Wkly. W&H Mtg. w/Issy & Nicole | 1.0 |
| 3/18/2010 | Wkly. W&H Mtg. w/Issy & Nicole | 1.0 |
| 3/22/2010 | Conducted legal research on Motion for Ext. of Time; reviewed and drafted Motion for Extension. | 8.5 |
| 3/23/2010 | Wkly. W&H Mtg. w/Issy & Nicole - discussed Prestage strategies. | 0.5 |
| 3/24/2010 | Preparation for Michael Pope deposition. | 9.9 |
| 3/25/2010 | Preparartion for Michael Pope deposition; conducted legal research to find additional depositions on donning and doffing cases. | 10.9 |
| 3/29/2010 | Legal research for deposition questions of HR and donning/doffing; Prep. For Depo. Of Michael Pope | 10.5 |
| 3/30/2010 | Drafting Deposition outline of Michael Pope | 11.0 |

| Date | Description | Hours |
|---|---|---|
| 3/31/2010 | Prep. For Depo. Of Michael Pope; reviewing questions; revising deposition questions. | 7.5 |
| 3/31/2010 | Attended Depo. Of Michael Pope | 6.0 |
| 3/31/2010 | Revised notes from Depo. & dictation re Michael Pope Depo. | 2.9 |
| 4/1/2010 | Reviewed notes from Michael Pope deposition; made notes. | 8.9 |
| 4/5/2010 | Researching in preparation for Demand ltr.; reviewing legal research; creating outline to support demand ltr.; etc. | 9.5 |
| 4/7/2010 | Revised & Edited demand ltr.; rev. comps. & damage estimate. | 8.0 |
| 4/12/2010 | Rev. & Edited Ltr. Re damages | 8.0 |
| 4/20/2010 | Wkly. W&H Mtg. w/Issy & Nicole - discussed Prestage task list. | 0.2 |
| 4/28/2010 | Prep. & research re upcoming mediation; reviewing power point. | 10.0 |
| 5/3/2010 | Prep. For upcoming mediation | 7.5 |
| 5/7/2010 | Wkly. W&H Mtg. w/Issy & Nicole - discussed Prestage task list. | 0.6 |
| 5/11/2010 | Res. Case law for power point present. & reviewed the same | 8.5 |
| 5/12/2010 | Res. Case law for power point present. & reviewed the same | 8.0 |
| 5/13/2010 | Mtg. w/HFH & GCO re: power point presentation & viewed the same; worked on powerpoint presentation. | 6.5 |
| 5/16/2010 | Working position statement; legal research in preparation. | 10.0 |
| 5/17/2010 | Legal research; reviewing; drafting position statement. | 10.0 |
| 5/18/2010 | Research; revised position statement. | 10.0 |
| 5/19/2010 | Reviewed & revised position statement; worked on PPP; prepared for mediation | 9.0 |
| 5/20/2010 | Reviewed & revised position statement; worked on PPP; prepared for mediation | 9.0 |
| 5/21/2010 | Reviewed & revised positoin statement; worked on PPP; prepared for mediation | 9.0 |
| 5/22/2010 | Prep. For mediation; revised settlement agreement | 7.5 |
| 5/23/2010 | Preparation for mediation | 6.5 |
| 5/24/2010 | Mediation; HFH, GCO & Issy attended | 9.5 |
| 5/25/2010 | Email back & forth w/Stephen Schneider, Ph.D.; reviewed notes from mediation. | 10.0 |
| 5/25/2010 | Met w/HFH re mediation outcome | 4.0 |
| 5/25/2010 | W&H Mtg. w/Issy & Nicole - discussed Prestage task list. | 1.0 |
| 7/27/2010 | Legal research for Motion for Cond. Class Cert.; reviewing exhibits & other briefs to compare with facts in Prestage. | 11.5 |
| 7/28/2010 | Legal research; reviewing briefs & Exhibits on Mot. For Rule 23 Class Cert. | 12.0 |
| 7/29/2010 | Drafted, revised & reviewed Mot. For Cond. Cert., Brief for Class Cert & Exhs. | 12.0 |
| 7/30/2010 | Reviwed & revised Mot. For Class & Cond Cert. & prepared proposed Ord. & Notice | 14.0 |
| 9/9/2010 | Research; reviewing; editing; prep. Of memorandum of law in support of motion. | 10.5 |
| 9/20/2010 | Worked on memorandum of law; revising; proofreading; legal research. | 12.0 |
| 9/21/2010 | Worked on memorandum of law. | 11.0 |
| 9/22/2010 | Worked on memorandum of law. | 10.5 |
| 9/23/2010 | Rev.,& editing of Reply Memorandum of Law; finalized & filed same | 12.0 |
| 9/24/2010 | Legal research; reviewing; creating outline; drafting reply and revising brief in support of reply. | 10.0 |
| 9/27/2010 | Researching, reviewing and revising brief in support of reply. | 7.5 |
| 9/28/2010 | Researching, reviewing and revising brief in support of reply. | 8.0 |
| 10/4/2010 | Res. Supp. Auth. To Support our Reply; reviewing legal authority. | 9.0 |
| 10/18/2010 | Researched P.'s Obligations for Mot. To Seal under local Rule 79.2 & policy manual | 9.0 |
| 11/10/2010 | Rev'd Ct. Ord. Granting Cond. Class Cert. | 4.0 |
| 11/15/2010 | Worked on a joint mot. For ext of time to file updated disc. Plan | 4.5 |
| 11/16/2010 | W&H mtg. - Prestage strategy. | 0.3 |
| 12/1/2010 | W&H mtg. - Prestage strategy. | 0.3 |
| 12/17/2010 | Reviewed Ct. Ord. filed by the Prestage Ct.; prep. Notice for filing in Spanish | 6.0 |
| 12/19/2010 | Reviewed Notice; made revisions. | 3.0 |
| 12/20/2010 | Prep. To file revised Notice, including Spanish version of Notice | 3.5 |
| 1/7/2011 | Revisions of Notice re Ct.'s Order; researching hybrid notices. | 6.0 |
| 2/1/2011 | Issue re Prestage Notice | 2.5 |
| 2/2/2011 | Talked to Will Cherry, HFH, expert Robert Racwin in prep. For initial plant inspection | 2.0 |

| Date | Description | Hours |
|---|---|---|
| 2/3/2011 | Research a Mot. To Amend Go-By for Amending the Scheduling Order; began drafting. | 6.0 |
| 2/4/2011 | Drafted Amended Scheduling Order ; revisions. | 5.5 |
| 2/4/2011 | Discussed w/HFH proposed dates & revised deadlines to include mediation | 1.0 |
| 2/4/2011 | Reviewed job tasks assessments produced by Prestage Suppl. RPD | 4.5 |
| 2/7/2011 | W&H Mtg. - Prestage tasks to perform. | 1.0 |
| 2/7/2011 | Reviewed & revised Mot. To Amend Scheduling Order | 2.0 |
| 2/7/2011 | Reviewed Docs. from Defense Counsel re Plaintiffs' RPD | 8.5 |
| 2/9/2011 | Preparation for Prestage Plant visit; spoke to Schneider re damages; drafted Mot. | 8.0 |
| 2/10 - 2/11/2011 | Travel to & from Prestage Plant in Lumberton; picked up expert witness; spoke to oc re future mediation | 24.0 |
| 2/24/2011 | Worked on Mot. For Amending Scheduling Ord. & Ct. Hosted Settlement | 4.8 |
| 2/28/2011 | Rev. Stephen Schneider's data req. for est. damages & Dr. Radwin's time study | 7.5 |
| 3/1/2011 | Cont. rev. of data requirements of Stephen Schneider & Radwin; proposed Ords. For Mot. To Amend & ct-hosted settlement | 9.8 |
| 3/2/2011 | Revised Stephen Schneider's data requests for est. damages since original doc. Was under work product privilege; discussion w/Schneider re certain info. for est. of damages. Rev. Def.'s orig. production of all names & addresses provided in 2010 and compared w/subsequent disc. provided as required by the court for issuing notice to determine what additional info. may be necessary or relevant that Prestage could provide for the estimate of damages. | 10.0 |
| 3/3/2011 | Review of Schneider's Req.; rev. data for Radwin modifying the language to exclude and attorney/expert communication under new Fed. Rules of Evidence effec. 12/1/10; emailed info. to Will Cherry | 2.3 |
| 3/8/2011 | Rev. of Radwin's request for time study scheduled the wk. of 5/15/11; email; rev'd. Def.'s info. for damages. | 3.0 |
| 3/16/2011 | Conf. w/Radwin re: details re: time study for the wk. of 5/16/11 | 0.5 |
| 3/16/2011 | Rec'd. email from Will Cherry re: proposition to change the existing draft of the jt. Stip. On the fed. Rules of evidence & suggesting that we should file a req. for permission to the ct. | 0.5 |
| 3/17/2011 | Reviewed memo to Radwin | 0.5 |
| 4/12/2011 | W&H Mtg. - Prestage strategy - task list & follow-up. | 1.0 |
| 4/13/2011 | Reviewed info. provided by Will Cherry in resp. to our req. for Radwin & Schneider | 4.0 |
| 4/15/2011 | Conf. call w/Dr. Radwin re issues concerning Prestage's limitations to timestudy; drafted ltr. to Will re same; legal research on info. produced. | 4.5 |
| 4/20/2011 | Finished ltr. to Prestage on time study; emailed the same to opposing counsel | 5.0 |
| 4/26/2011 | Review of Docs. to prepare for time study & conduct f/u disc. requests. | 4.0 |
| 5/2/2011 | Spoke to Will Cherry on the information that they had agreed to produce start and end dates for class members; hours worked on a weekly basis for all 1,900 class members; payroll records for the weeken in which the time study was conducted; also reviewed notes of the infomration relating to the study. | 2.5 |
| 5/3/2011 | Spoke to Will Cherry re information Prestage was going to produce. They said they would only produce averages so I went back & did a chronology of what the parties had agreed to in addition to some legal research for the production of payroll information. | 4.5 |
| 5/4/2011 | Memo to Hoyt & Walt in preparation for the Prestage plant; re: details of time study. | 3.5 |
| 5/4/2011 | Talked to Stephen Schneider re his request for assessing the damages in preparation for mediation; cont. working on a letter to Will Cherry to address some of the issues that had not been clarified relating to the production of class members' hours worked | 1.5 |
| 5/4/2011 | W&H Mtg. - Prestage strategy - task list & follow-up. | 1.0 |
| 5/5/2011 | Prepared Memo for Hoyt & Walt re information the parties had agreed to for purposes of the time study. | 1.5 |
| 6/7/2011 | Conversation w/Radwin re plant analysis of uncompensated time; reviewed documentation Prestage provided. | 3.5 |

| Date | Description | Hours |
|---|---|---|
| 6/10/2011 | Discussion w/Stephen Schneider to go over the damages analysis. Then spoke to Rob Radwin to discuss the uncompensated time analysis. | 0.5 |
| 6/13/2011 | Email exchange w/Will Cherry to discuss the weekly hours worked for all class members for a 2 year period in preparation for the settlement conference & the significance of that information. | 1.0 |
| 6/13/2011 | Discussion with Stephen Schneider on the analysis & damages estimate & the differences between the weekly hours worked & the averages. | 0.3 |
| 6/15/2011 | Conducted legal research for Notice & state claims; statute of limitation opt-in and opt-out forms to ensure that the state claim would be adequately addressed and who would be comprised within the state class. | 9.0 |
| 6/24/2011 | Back & forth emails w/Kristen Lingo re importance of check count information. | 0.8 |
| 6/28/2011 | Spoke to Stephen Schneider regarding the documents we need from Prestage to compute back wages. | 0.5 |
| 6/29/2011 | Reviewed Lisa Johnson's excel spreadsheet she put together to demonstrate the differences between information that Prestage produced last year & this year & what we would need to move forward on damages. | 1.0 |
| 6/30/2011 | Discussion with Stephen Schneider, Lisa Johnson & Sherrell re the alternatives to hours worked and whether Schneider would be able to put together a fair estimate of damages with only averages. Asked Lisa Johnson to also compare the information they provided last year with this year's information to review any discrepancies. | 0.5 |
| 6/30/2011 | Conference with Forest re the options regarding damages & whether we should pursue a Motion to Compel or we should pursue a Motion to exceed. | 1.0 |
| 6/30/2011 | Continued reviewing legal research Sherrell found in the event that we need to file a Motion to Compel. | 9.0 |
| 7/1/2011 | Reviewed legal authority that Sherrell had found in support of a Motion to Compel for electronic discovery in preparation for the conference call w/Will Cherry. Had conference call with Will & Sherrell to discuss Prestage's progress in producing the weekly information & what are there obstacles for such information. | 9.5 |
| 7/5/2011 | Rec'd from Will Cherry a copy of the CD w/Prestage's raw data & payroll info.; rev'd the same to ensure that it was all there. | 4.3 |
| 7/5/2011 | Rev'd Lisa Johson's worksheets compiling a list of info. between the payroll records that we rec'd last year and this year & the composition of the overall number of class members; Andy reviewed the info., shared it us & put it on a hard drive & posted it on the internet for Lisa Johnson & Stephen Schneider enabling them to begin their damage calculations for the settlement conference. | 0.8 |
| 7/6/2011 | Rec'd. 2 sets of questions from Lisa Johnson & Stephen Schneider re payroll info. that Prestage provided; forwarded those questions to Will after determining whether or not those questions could be answered by us. One of the questions had to do about donning/doffing mins. & whether or not those minutes that Prestage had paid were incorporated into the employees earnings or identified separately. | 6.0 |
| 7/6/2011 | Experts provided a glimpse of information they have collected thus far and reviewed the breakdown between class members and those who were no longer class members due to the statute of limitations. Focused more on the Rule 23 issues. | 3.5 |
| 7/7/2011 | Discussion w/expert, Stephen Schneider, on concerns regarding damages and additional information necessary for an accurate estimate of damages. | 0.4 |
| 7/7/2011 | Back & forth dialog w/Will Cherry re questions regarding training & compensation of production line employees. | 0.3 |
| 7/8/2011 | Communicated w/Will Cherry & Kristen Lingo for additional clarification of Prestage's payroll to accurately calculate damage.s | 0.5 |
| 7/11/2011 | Reviewed Prestage's explanation of back pay & what it's used for & how to be able to understand it for Plaintiffs' calculation of damages. | 0.4 |
| 7/11/2011 | Rec'd. explanation from Will Cherry on back pay & conveyed that information to both Stephen Schneider & Lisa Johnson. | 0.3 |

| Date | Description | Hours |
|---|---|---|
| 7/14/2011 | Researching and preparing in anticipation the settlement conference w/Prestage & specifically the production of videos, the methodology for damages and the expert reports. | 8.0 |
| 7/15/2011 | Conf. call w/Robert Radwin re his expert report. | 0.5 |
| 7/18/2011 | Discussion w/Sherrell on how to prepare & respond to Interrogs. & RPD served upon Plaintiffs & how to prepare for serving Defendant w/Interrogs. & RPD. | 0.8 |
| 7/18/2011 | Worked on the existing interrogs. that Plaintiffs plan to serve on Defendant. | 7.5 |
| 7/19/2011 | Drafted ltr. to Stephen Schneider in preparation for settlement conference w/Prestage. | 2.3 |
| 7/20/2011 | Reviewed Dr. Radwin's expert report; reviewed video footage taken by videographers. | 10.0 |
| 7/26/2011 | Reviewed Stephen Schneider's report and all information used to compile damages analysis. | 6.5 |
| 7/27/2011 | Conf. call w/Stephen Schneider & Lisa Johnson to request clarification on their methodology for damages. | 0.3 |
| 7/27/2011 | Drafted P's Resp. to D's Interrogatories & Request for Production. | 4.5 |
| 7/27/2011 | Reviewed Robert Radwin's report & sent him email re same. | 0.8 |
| 7/28/2011 | Conf. Call w/Robert Radwin to discuss any potential issues that might arise if we had to go to trial in this matter. | 0.4 |
| 7/28/2011 | Reviewed Stephen Schneider's report. | 0.8 |
| 7/28/2011 | Revised P's Response to D's 1st Set of Interrogatories & RPD. | 7.3 |
| 7/28/2011 | Drafted P's Interrogs. & RPD to be served upon Defendant. | 9.0 |
| 7/28/2011 | Met w/Sherrell re P's demand letter. | 0.3 |
| 7/29/2011 | Reviewed expert feport; made final reviews and discussed with Forest about any potential issues with the Stephen Schneider. Letter to Prestage identifying enclosures and offering up our expert's for deposition. Email exchange w/Will Cherry & Kristen Lingo. | 1.0 |
| 7/29/2011 | Revised P's Response to D's 1st Set of Interrogatories & RPD. Started drafting Plaintiffs' 2nd Set of Interrogatories & RPD to Defendant | 2.5 |
| 7/29/2011 | Started drafting P's 2nd Set of INT & RPD to Defendant; researching and reviewing other sets of INT & RPD that could be used. | 6.0 |
| 8/1/2011 | Reviewed & revised P's Responses to D's 1st Set of Interrogatories & RPD. | 3.5 |
| 8/1/2011 | Reviewed & revised P's 1st Set of Interrogatories & RPD to Defendant; researched for supplemental INT & RPD. | 6.5 |
| 8/1/2011 | W&H Mtg. w/Sherrell, Nicole & Burco - Prestage task list; follow-up. | 1.0 |
| 8/4/2011 | Finalized P's RPD & ROGS; Revised P's Resp. to D's ROGS & RPD. | 5.0 |
| 8/5/2011 | Final review of P's Resp. to D's ROGS & RPD & P's 2nd set of ROGS and RPD to D. | 2.0 |
| 8/5/2011 | Discussion w/Burcu re: P's Expert's time study of the Prestage plant in anticipation of the upcoming mediation; also dicussed a task f/u ltr. to needs to be drafted requesting supplemental information to their disovery resp. | 0.3 |
| 8/8/2011 | Legal research, drafting, editing demand letter. | 10.5 |
| 8/8/2011 | Researching and reviewing legal authority on liquidated damages. | 10.5 |
| 8/9/2011 | Reviewing and researching legal authority on liquidated damages - FLSA. | 10.5 |
| 8/10/2011 | Reviewing and researching liquidated damages under NCWHA. | 10.0 |
| 8/10/2011 | Reviewing Perez v. Mountaire to determine whether there is any binding precedent. | 12.0 |
| 8/11/2011 | Settlement Agreement - reviewing and researching additional settlement agreements in preparation for drafting and revising existing settlement agreement. | 11.0 |
| 8/12/2011 | Researching; reviewing; and editing proposed settlement agreement. | 12.0 |
| 8/14/2011 | Reviewing; editing; and revising the existing proposed settlement agreement. | 4.0 |
| 8/15/2011 | Revising proposed settlement agreement; researching the procedure for settlement with the court and notice of settlement to the class; created rough draft of potential notice to class of settlement. | 8.0 |

| Date | Description | Hours |
|---|---|---|
| 8/16/2011 | Reviewing and researching proposed notices to be attached to a motion for preliminary approval to the court on the parties' settlement agreement and proposed notice to the settlement case. | 4.0 |
| 8/17/2011 | Researching & reviewing hypothetical damages for purposes of calculations on settlements; revising demand letter pursuant to HFH's suggestions and comments. | 9.0 |
| 9/2/2011 | W&H Mtg. w/group - Prestage task list & follow-up. | 0.2 |
| 9/9/2011 | Review of Defendant's expert report. | 2.0 |
| 9/15/2011 | Mediation. | 10.0 |
| 9/22/2011 | Worked on settlement agreement (**UNPAID**). | 2.0 |
| 9/26/2011 | Continued working the settement agreement (**UNPAID**). | 10.0 |
| 10/2/2011 | Drafted Brief in Support of Settlement | 8.0 |
| 10/3/2011 | Cont. working on Brief in Support of Settlement | 8.0 |
| 10/4/2011 | Drafted Motion for Preliminary Settlement Approval | 10.0 |
| 10/9/2011 | Revised Brief in Support of Settlement. | 10.0 |
| 10/10/2011 | Revisions to Brief. | 4.0 |
| 10/11/2011 | Revisions to Brief. | 4.0 |
| 10/12/2011 | Continued working on revisions to brief and settlement documents. | 10.0 |
| 10/13/2011 | Revisions to Settlement Agreement. | 10.0 |
| 12/29/2011 | Legal research for motion for final approval. | 3.0 |
| **Total Time** | | 1128.3 |
| **Hourly Rate** | | $ 380.00 |
| **Attorneys' Fees** | | $ 428,754.00 |