IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:09-CV-100-BR

| | | |
|---|---|---|
| MARY McLAURIN and CARRIE MOORE, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | ORDER |
| v. | ) ) | |
| PRESTAGE FOODS, INC., | ) ) | |
| Defendant. | ) | |

This matter is before the court on the 23 January 2012 Motion for Final Approval of Collective and Class Action Settlement (DE # 110) filed jointly by named plaintiffs Mary McLaurin and Carrie Moore and defendant Prestage Foods, Inc. ("Prestage"). Also before the court is plaintiffs' 23 January 2012 Motion for an Award of Attorneys' Fees, Costs, & Expenses to Settlement Class Counsel & for an Award of Service Payments to Named Plaintiffs (DE # 112). On 2 February 2012, this court conducted a fairness hearing to determine whether the settlement should be given final approval. Considering the entire record of these proceedings, the court finds as follows:

1. Plaintiffs and Prestage entered into a Settlement Agreement dated 19 October 2011.

2. On 9 November 2011, the court entered an order (i) preliminarily approving the Settlement Agreement; (ii) approving the forms and methods of notice of settlement to the members of the plaintiff class; (iii) directing that appropriate notice of the settlement be given to the members of the plaintiff class; and (iv)

setting a hearing date for final approval of the settlement.

3. Notice of the settlement was initially mailed to all members of the plaintiff class on 18 November 2011. Mailed notices were translated into Spanish. On 13 January 2012, notice packets were remailed to 1,124 plaintiff class members from whom claim forms had not yet been received.[1] A short form of notice was also published in the Spanish publication, Accento Latino, on 17 and 31 January 2012. As of the date of the final fairness hearing, none of the plaintiff class members have elected to be excluded from the class. Furthermore, no formal objections to the settlement have been filed, and none of the plaintiff class members were present at the final fairness hearing.

4. Notice was provided in a reasonable manner to all class members in accordance with Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1) and due process of law.

5. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the court finds that the settlement is fair, reasonable, and adequate. Furthermore, pursuant to the Fair Labor Standards Act ("FLSA"), the court finds that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Thus, the motion for final approval of the settlement is ALLOWED. All amounts awarded

---

[1] The court recognizes that the second mailing of the notice packet occurred after the expiration of the opt-out and objection deadline, which was 30 December 2011. However, when questioned during the final fairness hearing, plaintiffs' counsel indicated that the maximum award that a member of the plaintiff class might receive if he or she opted out of the class and pursued a separate action would be approximately $900. The court finds it highly unlikely that any plaintiff class member would pursue a separate action against Prestage due to the limited potential recovery. As a result, the court will not require a second opt-out period to be provided in this case. See Fed. R. Civ. P. 23(e)(4).

2

pursuant to this order shall be paid in accordance with the terms of the Settlement Agreement.

6. The class members have received notice of the request for attorneys' fees and expenses in accordance with Federal Rule of Civil Procedure 23(h)(1).

7. Having considered the factors set forth in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978) and Allen v. United States, 606 F.2d 432, 436 n.1 (4th Cir. 1979), the court ALLOWS the motion for attorneys' fees and awards attorneys' fees in the total amount of $600,000. The court finds this amount to be reasonable in light of the complexity of the case, the history of the litigation, and the results obtained.

8. Class Counsel are awarded reimbursement of expenses, disbursements, and costs, including expert fees, mediator fees, court reporter fees, translation fees, costs of sending notice, and settlement administration fees in the amount of $200,000.

9. Mary McLaurin and Carrie Moore, the named plaintiffs, are each awarded service fees in the amount of $10,000 and $5,000, respectively, for reimbursement of their time expended and the risks undertaken on behalf of the plaintiff class.

10. The named plaintiffs and all members of the plaintiff class are permanently enjoined and barred from commencing or prosecuting any action asserting any of the Released Settled Claims against any of the Released Parties (as defined in the Settlement Agreement), either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority, tribunal, or

forum wherever located. Any person or entity who knowingly violates this injunction shall pay the costs and attorneys' fees incurred by Prestage or any other Released Party as a result of the violation. The named plaintiffs and the members of the plaintiff class who have not excluded themselves are bound by the release of claims set forth in Article 6 of the Settlement Agreement.

11. This lawsuit and Prestage are dismissed with prejudice.

12. The court shall retain continuing jurisdiction over this action, the parties, and all members of the plaintiff class to determine all matters relating in any way to this order, the preliminary approval order, the judgment, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, or enforcement.

13. The Clerk is DIRECTED to enter final judgment and close the case.

This 3 February 2012.

                                                W. Earl Britt
                                                Senior U.S. District Judge